UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARL R. BROWN                                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:16cv830-DPJ-FKB

T. BROWN, ET AL.                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a complaint filed by Carl R. Brown, who is proceeding *pro se* and *in forma pauperis*. *See* 28 U.S.C. § 1915. Defendants filed a Motion to Dismiss [16] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to which Brown has filed two separate responses [20], [21]. For the reasons that follow, the undersigned finds that that the Motion to Dismiss should be granted in part and denied in part.

## I. FACTS AND PROCEDURAL HISTORY

When Brown filed this action, he was incarcerated at the Federal Correctional Complex ("FCC"), located in Yazoo City, Mississippi. Brown alleges claims of employment discrimination, conspiracy to discriminate, and retaliation related to his job while he was an inmate at FCC Yazoo City. Defendant are employees of the facility, as follows: Tiffany Brown and Candace Trotter, teachers; Catherine Murtagh, Education Specialist; O'Shauna Riley Elery, Education Technician; and Dontess Dennis, Assistant Education Supervisor. In sum, Brown alleges that Defendants discriminated against him in February 2016 based on his religion, thereby resulting in a cut in his pay and constructive discharge from his job.

Brown filed a charge of discrimination under Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission ("EEOC") on June 1, 2016. [1-1] at 1.

On June 14, 2016, the EEOC issued a right to sue letter to Brown. *Id.* at 2. Thereafter, on October 22, 2016, Brown mailed his complaint, which the Court received and filed on October 25, 2016. [1] [1-4]; [1] at 1. The Court observes that the filing date is beyond the 90-day statute of limitations period within which to file an action after receiving a notice of a right to sue. 42 U.S.C. § 2000e-5(f)(1).

In his complaint, Brown alleges claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. He asserts that jurisdiction is based on 42 U.S.C. § 1981 *et seq.* and 28 U.S.C. §§ 1331, 1343. [1] at 1. Brown also appears to allege that Defendants violated his Fourteenth Amendment right to equal protection, his First Amendment rights, and state statutes. [1] at 2, 5.

Defendants responded to the complaint with a motion to dismiss, which is now briefed and before the Court.

## II. DISCUSSION

Defendants have moved for dismissal based on Plaintiff's failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion filed under this rule, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). However, "the tenet that a court must accept as true all of the allegations contained in

---

[1] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). Finally, because Plaintiff is proceeding pro se, the Court must "liberally construe[]" his complaint and filings. *Turner v. Cain*, 647 F. App'x 357, 362 (5th Cir. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Defendants argue that Brown's complaint should be dismissed because they are not proper parties to a suit brought under Title VII, Title VII does not apply to federal inmates, and this action is untimely. Brown responds that he should be considered an employee because the EEOC issued a right to sue letter to him. He also asserts that the statute of limitations should be equitably tolled because he was in lockdown following a prison fight just days before the expiration of the 90-day statute of limitations period.

Assuming, without deciding, that Brown's complaint was timely filed, his Title VII claims should still be dismissed. As an initial matter, "a Title VII suit against the federal government [must] name as defendant 'the head of the department, agency, or unit, as appropriate. . . .'" *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 540 (5th Cir. 1992)(quoting 42 U.S.C. § 2000e-16(c)). Plaintiff has named only individual employees of FCC Yazoo City as defendants, not the Attorney General. *See id.* at 544 (finding that in a Title VII

3

action against the Bureau of Prisons, the U.S. Attorney General is the proper defendant).

Moreover, "relief under Title VII is available only against an employer, not an individual

supervisor or fellow employee." *Foley v. University of Houston Sys.*, 335 F.3d 333, 340 n.8 (5th

Cir. 2003). Because Plaintiff has named only individual employees of FCC Yazoo City as

defendants, and not the Attorney General, his Title VII claim against these defendants should be

dismissed.

More importantly, another basis for dismissal is that Title VII does not apply to inmates.

The EEOC has concluded that inmates who work at prisons do not qualify as employees under

Title VII. *See* EEOC Decision No. 86-7, 1986 WL 38836, at *3 (1986)(finding that the primary

purpose of charging party/inmate's association with respondent's state correctional facility was

incarceration, not employment, and that job flowed from charging party's status as a prison

inmate). While the Fifth Circuit has not directly addressed this issue, several circuits have

concluded that inmates who work at prisons are not considered employees under Title VII. *See*

*Wilkerson v. Samuels*, 524 F. App'x 776, 779 (3d Cir. 2013); *Simon v. Fed. Prison Indus.*, 91 F.

App'x 161 (1st Cir. 2004); *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991); *but see Baker*

*v. McNeil Island Corr. Ct.,* 859 F.2d 124, 128 (9th Cir. 1998).

The Fifth Circuit has, however, determined that prisoners are not employees in the

context of other federal employment legislation. In *Reimonenq v. Foti*, 72 F.3d 472 (5th Cir.

1996), the court concluded that a prisoner is not an employee for the purposes of the Fair Labor

Standards Act ("FLSA"). *Reimonenq*, 72 F.3d at 475-76; *see also Loving v. Johnson*, 455 F.3d

562, 563 (5th Cir. 2006)(prisoners who work inside prison for the prison are not prison's FLSA

employees); *Alexander v. Sara, Inc.*, 721 F.2d 149, 150 (5th Cir. 1983)(prisoners working inside

prison for private employers are not employees under FLSA).  The Fifth Circuit reasoned that the relationship is not one of employment, but is derived from the prisoner's status as an inmate. *Reimonenq*, 72 F.3d at 475 ("[T]he [prison's] control over [the inmate] does not stem from any remunerative relationship or bargained-for exchange of labor for consideration, but from incarceration itself.")(quoting *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992)).  Applying the same logic to Brown's case, the undersigned concludes that Brown, as a federal prisoner whose job was based on his status as an inmate, cannot pursue Title VII claims.  *See Wilkerson*, 524 F. App'x at 779 (applying FLSA reasoning to conclude that federal prisoner cannot maintain Title VII action).  Accordingly, for these reasons, the undersigned recommends that Plaintiff's Title VII claims be dismissed.

The government's motion, on the other hand, does not address Brown's remaining claims.  While the Court is not required to search for or try to create causes of action for *pro se* plaintiffs, it must liberally construe Brown's complaint.  *See Perez v. U.S.*, 312 F.3d 191, 194-195 (5th Cir. 2002); *Borninski v. Williamson*, 2005 WL 1206871, at *9 (N.D. Tex. May 17, 2005).  To that end, it appears that Brown alleges claims pursuant to 42 U.S.C. § 1981 *et seq.* and constitutional violations under 28 U.S.C. § 1331.  *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that a plaintiff may seek damages from federal employees in their individual capacities for violations of federal rights). The Court observes that Brown may also allege violations of Mississippi Code Annotated §§ 73-3-55 and 97-23-43.  The government has not moved for dismissal as to these claims. Accordingly, should the District Court adopt this Report and Recommendation, the undersigned will set a dispositive motion deadline to address these claims, as well as the issue of exhaustion

of administrative remedies.

### III.  CONCLUSION

For the reasons set forth in this Report and Recommendation, the Motion to Dismiss [16] should be granted in part and denied in part.  The undersigned recommends that Brown's claims brought pursuant to Title VII of the Civil Rights Act of 1964 be dismissed with prejudice. Plaintiff's remaining claims, as set forth above, will be addressed by separate order at a later date.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 13th day of January, 2018.

        /s/  F. Keith Ball
    UNITED STATES MAGISTRATE JUDGE