UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARL R. BROWN                                                                                               PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:16-CV-830-DPJ-FKB

T. BROWN, ET AL.                                                                                       DEFENDANTS

ORDER

This pro se prisoner suit is before the Court on United States Magistrate Judge F. Keith Ball's Report and Recommendation [26] ("R&R"). Judge Ball recommends that this Court dismiss some—but not all—of Plaintiff's claims. For the reasons that follow, the Court agrees with the R&R and adopts it as the Court's opinion.

Plaintiff Carl R. Brown is a former inmate at the Federal Correctional Complex ("FCC") located in Yazoo City, Mississippi. Brown brings this suit against five individual employees at FCC Yazoo City, alleging discrimination and retaliation in connection with his work as an orderly at the facility. After referral from this Court, Judge Ball liberally construed the Complaint as asserting claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; constitutional violations under 28 U.S.C. § 1331, *see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and state-law claims under Mississippi Code sections 73-3-55 and 97-23-43. On April 28, 2017, Defendants sought dismissal of the Title VII claims, but they did not reference the other claims. Defs.' Mem. [17]. Because Title VII does not protect inmates and does not apply to individuals, Judge Ball recommended dismissal. But because Defendants did not address the other claims, Judge Ball concluded that they should proceed at this time.

Defendants filed no objections to the R&R, and Brown concedes "that he did not file his Title VII suit against the right party" and therefore understands the recommendation. Pl.'s Obj. [29] at 1. But Brown then spends the balance of his Objection explaining why the constitutional claims should survive, an issue that is not yet disputed. The constitutional claims will go forward for now.

Brown also makes two additional requests in his Objection. First, he contends that the record evidence of these claims is unrebutted, so he is entitled to summary judgment. Second, he wants the Court to issue subpoenas to help him establish his claims. Both requests violate Uniform Local Rule 7(b), which states that "[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion." *See also* L.U. Civ. R. 7(b)(3)(D) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response."). If Brown wishes to seek summary judgment or an order from the Court regarding discovery, he needs to file those requests as motions.

Finally, with respect to summary judgment, the Court notes that Defendants' failure to rebut the factual assertions Brown offered in his responses to Defendants' Motion to Dismiss [16] does not entitle him to summary judgment. Motions to dismiss are decided based on what the plaintiff pleads in the complaint, and the Court must assume that *properly pleaded* factual assertions in the Complaint are true. In other words, now is not the time for Defendants to rebut those claims. If Brown moves for summary judgment, he will need to support the motion with record evidence, and Defendants will then have the opportunity to rebut Brown's evidence with evidence of their own. For this additional reason, any motion for summary judgment embedded in Brown's Objection would be denied.

For the foregoing reasons, the Court adopts the R&R [26] as the opinion of the Court. Defendants' motion to dismiss [16] is granted as to Brown's Title VII claim, but his other claims survive.

**SO ORDERED AND ADJUDGED** this the 6th day of February, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE