UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARL R. BROWN                                                                                        PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:16cv830-DPJ-FKB

T. BROWN, ET AL.                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a complaint filed by Carl R. Brown, a federal prisoner who is proceeding *pro se* and *in forma pauperis*. See 28 U.S.C. § 1915. Defendants have filed a Motion to Dismiss [33] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on claims remaining after the adoption [30] of the previous Report and Recommendation [26] entered in this action. Brown has also filed a Motion for Summary Judgment [32] and a Motion for Issuance of Subpoenas [35]. For the reasons that follow, the undersigned finds that that the motion to dismiss [33] should be granted, and Plaintiff's motions [32], [35], should be denied.

## I. FACTS AND PROCEDURAL HISTORY

The facts, procedural history, and relevant legal standards governing this case were detailed in the Report and Recommendation [26] entered on January 16, 2018. In sum, the Report and Recommendation recommended dismissal of Plaintiff claims of discrimination brought pursuant to Title VII of the Civil Rights Act of 1964. The Court found, however, that the Defendants' Motion to Dismiss [16] did not address Brown's claims brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1981, and Mississippi law. Defendants have now moved for dismissal on the foregoing claims, and the Court turns to address them.

1

## II. DISCUSSION

A. *Bivens* Claims

Plaintiff asserts that Defendants violated his First Amendment rights by discriminating against him based upon his religion. The Supreme Court has "not found an implied damages remedy under the Free Exercise Clause" in *Bivens* actions, and it has "declined to extend *Bivens* to a claim sounding in the First Amendment." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Accordingly, because Plaintiff's allegations invoking the First Amendment do not state a cognizable claim under *Bivens*, they should be dismissed.

Likewise, Plaintiff's claims brought pursuant to the Fourteenth Amendment should be dismissed. Brown alleges that Defendants violated his rights to equal protection under the Fourteenth Amendment. However, because the Fourteenth Amendment requires *state* action, and Plaintiff has brought these claims against Defendants based on their alleged deeds as *federal* employees, Brown cannot maintain a Fourteenth Amendment claim against them. *See McGuire v. Turnbo*, 137 F.3d 321, 323 (5th Cir. 1998).

B. Claims Based on 42 U.S.C. § 1981

Although Brown appears to allege a claim pursuant to 42 U.S.C. § 1981, there was no contractual employment relationship at issue in the prison employment context. Accordingly, § 1981 offers Brown no relief. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476-477 (2006); *cf. Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 49-51 (5th Cir.1995)(finding that prisoners have no liberty or protected property interest in particular prison job assignments).

C. State Law Claims

Defendants have also moved for dismissal of Brown's state law claims. In his complaint,

2

Plaintiff appears to allege claims based upon two Mississippi statutes, Mississippi Code Annotated §§ 73-3-55 and 97-23-43.  Section 73-3-55, a criminal statute, prohibits the unlicensed practice of law.  Section 97-23-43 provides the criminal penalties for unlicensed practice of law.  Neither statute provides for a private right of action.  In other words, Brown, as a private party, cannot maintain claims against Defendants in a civil action based on an alleged violation of a criminal statute.  *See Madden v. Harrison*, 2010 WL 1238972, at *4 (S.D. Miss. Feb. 25, 2010)("[A] private party may not enforce criminal statutes through a civil action."); *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990)(noting that there is no constitutional right to have someone criminally prosecuted).

### III.  CONCLUSION

For the reasons set forth in this Report and Recommendation, Defendants' Motion to Dismiss [33] should be granted, and this case should be dismissed with prejudice.  Plaintiff's Motion for Summary Judgment [32] and Motion for Issuance of Subpeonas [35] should be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 11th day of June, 2018.

    /s/  F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE