UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARL R. BROWN                                                                           PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:16-CV-830-DPJ-FKB

T. BROWN, C. TROTTER, C. MURTAGH,
O. ELERY, AND DENISE-SUPERVISOR                                         DEFENDANTS

ORDER

Carl R. Brown, a *pro se*-prisoner litigant, claims Defendants discriminated against him based on his religion during his employment. In an earlier Order, the Court dismissed Brown's Title VII claims because inmates who work at prisons do not qualify as "employees" under Title VII. Order [30] at 1–2. The case is again before the Court on the Report and Recommendation [38] ("R&R") of the magistrate judge, in which he recommends dismissal of Brown's remaining claims. Brown objected, Defendants did not file a response, and the time to do so has passed. As explained below, the R&R is adopted in part.

To start, the Court adopts the finding that Brown's *Bivens* claim based on the First Amendment, his § 1981 claims, and his state-law claims are due to be dismissed. R&R [38] at 2–3. Brown does not appear to contest these conclusions in his Objection, instead focusing on his equal-protection claim. Obj. [40] at 1–2; *see* Brown's Resp. [36] at 1–2 (conceding to dismissal of his *Bivens* First Amendment claim and state-law claims).

As to equal protection, Defendants moved for dismissal because Brown invoked the Fourteenth Amendment in his Complaint, yet that amendment has no application for federal employees. Mot. [34] at 3; *see* Compl. [1] at 2 (claiming Defendants violated his right to "Equal Protection guaranteed by the Fourteenth Amendment"). The magistrate judge agreed and therefore recommended dismissal. R&R [38] at 2.

In his Objection, Brown acknowledges that he "misstyled his Equal Protection Claim and that it should have been based on the 5th Amendment instead of the 14th." Obj. [40] at 1. But as he originally argued in response to Defendants' motion, he is a *pro se* litigant who must be held to less stringent pleading standards. *See* Brown's Resp. [36] at 2–3; *see also* Obj. [40] at 1–2 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1973) (noting courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers"). Moreover, "[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014).

Brown has now correctly identified the Fifth Amendment as the proper basis for his claim against these federal employees. And "Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017) (also construing the plaintiff's *pro se* brief "liberally"). Brown's request that the Court liberally construe his claim as being advanced under the Fifth Amendment is therefore well-taken.[1]

Accordingly, the R&R [38] is adopted in part. Defendants' motion to dismiss [33] is granted in part and denied in part. Brown's *Bivens* claim based on the First Amendment, his § 1981 claims, and his state-law claims are dismissed; his equal-protection claim will go forward.

---

[1] Brown alternatively asks the Court to give him an opportunity to amend, rather than dismiss the claim. Such an approach would certainly be appropriate, but application of a liberal construction is more efficient.

In light of the narrowing of Brown's claims, the Court finds that Brown's motion for summary judgment [32], which is not supported by record evidence, and his motion for issuance of subpoenas [35] should be denied without prejudice to refiling.

**Defendants are directed to answer, or otherwise respond to, Brown's equal-protection claim under the Fifth Amendment by August 30, 2018.**

**SO ORDERED AND ADJUDGED** this the 30th day of July, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE